```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
NICOLE BELL,                          : 12 Civ. 0737 (PAC) (JCF)
                                      :
           Plaintiff,                 :      REPORT AND
                                      :   RECOMMENDATION
      - against -                     :
                                      :
MONTEFIORE MEDICAL CENTER and 1199    :
SEIU,                                 :
                                      :
           Defendants.                :
- - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE PAUL A. CROTTY, U.S.D.J.:

Nicole Bell brings this action pro se pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12112 et seq., alleging that she was discriminated on the basis of race, color, gender, and disability by her former employer, Montefiore Medical Center, and by the union that represented her, 1199 SEIU.  The defendants have now submitted a letter application seeking dismissal of the complaint under Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure, arguing that Ms. Bell has failed to prosecute her lawsuit diligently and to comply with the Court's orders.  For the reasons set forth below, I recommend that the application be granted.

Background

From the outset of this litigation, the plaintiff has displayed indifference to her procedural obligations.  When an

1

initial pretrial conference was scheduled for December 18, 2012, she failed to appear, necessitating an order rescheduling the conference and warning Ms. Bell that failure to attend would result in dismissal of her complaint.  (Order dated Dec. 19, 2012).  Thereafter, when the defendants contended that the plaintiff had failed to respond to their discovery requests, I scheduled a telephone conference to discuss the issue, but Ms. Bell did not dial in as directed.  Again, it was necessary to reschedule and order her to participate on pain of having her case dismissed.  (Order dated Aug. 2, 2013).  Following that conference, I issued an order requiring Ms. Bell to provide all outstanding discovery responses and authorizations by September 16, 2013, failing which her complaint would be dismissed.  (Order dated Aug. 20, 2013 ("8/20/13 Order")).  According to the defendants, the plaintiff not only failed to comply but also indicated that she would not appear for her deposition.  (Letter of Barbara A. Gross dated Sept. 18, 2013 ("Gross 9/18/13 Letter")).  The defendants therefore requested that the complaint be dismissed; I denied the motion without prejudice but ordered Ms. Bell to attend her deposition and to provide the requested documents forthwith.  (Order dated Oct. 31, 2013).   The deposition went forward, and although Ms. Bell testified that she possessed at least some of the documents sought, she never produced them.  (Letter of Barbara A. Gross dated Nov.

12, 2013 ("Gross 11/12/13 Letter")).  Once again, I specified the documents and authorizations that the plaintiff was required to produce and gave her until December 3, 2013, to do so in order to avoid dismissal of the action.  (Order dated Nov. 13, 2013 ("11/13/13 Order")).  When she did not comply, the defendants sent another letter asking that the complaint be dismissed.  (Letter of Barbara A. Gross dated Dec. 6, 2013 ("Gross 12/6/13 Letter")).  I gave Ms. Bell until December 20, 2013 to respond to that letter (Order dated Dec. 9, 2013), but she never did.

Discussion

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "if a party . . . fails to obey a scheduling or other pretrial order," the court "may issue any just orders including those authorized by Rule 37(b)(2)(A)(ii)-(vii)."  Fed. R. Civ. P. 16(f)(1).  Rule 37(b)(2)(A)(v), in turn, authorizes dismissal of the action as a sanction.  Fed. R. Civ. P. 37(b)(2)(A)(v).  In pertinent part, Rule 41(b) provides that "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).

The Second Circuit has cautioned that "[d]ismissal of a pro se complaint for failure to prosecute is a 'harsh remedy' that should be utilized only in 'extreme situations.'"  West v. Goord, 423 F.

App'x 66, 68 (2d Cir. 2011) (quoting <u>LeSane v. Hall's Security Analyst, Inc.</u>, 239 F.3d 206, 209 (2d Cir. 2001)); <u>see also</u> <u>Dunn v. Carrier</u>, 314 F. App'x 391, 392 (2d Cir. 2009) ("[W]e have advised that a district court 'should be especially hesitant' to dismiss a <u>pro se</u> litigant's complaint for procedural deficiencies."). Nevertheless, while <u>pro se</u> litigants must be afforded a certain amount of latitude, "they are still required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience."  <u>Yadav v. Brookhaven National Laboratory</u>, 487 F. App'x 671, 672 (2d Cir. 2012) (citing <u>Caidor v. Onondaga County</u>, 517 F.3d 601, 605 (2d Cir. 2008)) (affirming dismissal of <u>pro se</u> action because plaintiff repeatedly failed to meet discovery obligations).  In determining whether dismissal is appropriate, courts consider:

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

<u>Spencer v. Doe</u>, 139 F.3d 107, 112-13 (2d Cir. 1998)(citations omitted); <u>see also</u> <u>Lewis v. Rawson</u>, 564 F.3d 569, 576 (2d Cir. 2009).

A.  Duration of Delay

The first factor consists of two related inquiries: "first, whether 'the failures were those of the plaintiff,' and second, whether the 'failures were of significant duration.'" Kent v. Scamardella, No. 07 Civ. 844, 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (quoting Spencer, 139 F.3d at 113). Here, the failures rest entirely with the plaintiff. Beginning in August 2013, four months ago, Ms. Bell has been repeatedly directed to produce the information requested by the defendants, but she has failed to do so. While "[t]here is no 'magic number' for determining whether the length of the delay was of significant duration[,]" courts have found shorter delays to be significant. Quattlebaum v. McDonald, No. 1:10-CV-1143, 2012 WL 386724, at *3 (N.D.N.Y. Feb. 6, 2012) (finding delay of five weeks significant and collecting cases where delay of less than four months found significant). Moreover, where, as in this case, the plaintiff's delay has "functioned as a complete block to moving this litigation forward," the first factor weighs in favor of dismissal. Kent, 2007 WL 3085438, at *2.

B.  Notice

"A warning to a pro se litigant must be [] specific before it will constitute a warning for the purpose of this analysis." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Here, the plaintiff has received two explicit warnings from the Court and three from the

defendants that her failure to comply with the Court's order to provide discovery responses would result in dismissal. (8/20/13 Order; Gross 9/18/13 Letter; Gross 11/12/13 Letter; 11/13/13 Order; Gross 12/6/13 Letter). Accordingly, this factor militates in favor of dismissal.

C.  Prejudice to the Defendants

Prejudice "'turns on the degree to which the delay was lengthy and inexcusable.'" United States v. Gellerstein, No. 08 CV 2702 2011 WL 710446, at *6 (E.D.N.Y. Feb. 22, 2011) (quoting United States ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 256 (2d Cir. 2004)). "Thus, where 'delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.'" Id. (quoting Drake, 375 F.3d at 256). Here, the defendants are prejudiced because the plaintiff's failure to provide discovery responses has brought the litigation to a standstill and has caused them to incur expenses. Moreover, the plaintiff has offered no excuse for her failure to comply with the Court's orders. Accordingly this factor counsels in favor of dismissal.

D.  Court Congestion

Under this factor, "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." Lucas, 84 F.3d at 535-36. Therefore, "if a plaintiff's failure to prosecute

is 'silent and unobtrusive rather than vexatious and burdensome,' the delay does not burden the court sufficiently to warrant dismissal." Gellerstein, 2011 WL 710446, at *7 (quoting LeSane, 239 F.3d at 210). This case has been on this Court's docket for almost two years, and Ms. Bell's "noncompliance with the Court's [o]rders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." Martin v. City of New York, No. 09 Civ. 2280, 2010 WL 1948597, at *3 (S.D.N.Y. May 11, 2010) (dismissing complaint for delay of two and one-half months although fourth factor weighed against dismissal); see also Davis v. Rowe, No. 1:10-CV-220, 2011 WL 3159133, at *3 (N.D.N.Y. July 26, 2011) (dismissing complaint for failure to prosecute although fourth factor did not weigh heavily in favor of dismissal).

    E.    Lesser Sanctions

Since dismissal is a harsh sanction, a court must consider whether less severe sanctions would be effective. Zaeretsky v. Zaretysky, No. 10 CV 3771, 2011 WL 8085263, at *4 (E.D.N.Y. Oct. 13, 2011); Jenkins v. City of New York, 176 F.R.D. 127, 130 (S.D.N.Y. 1997) ("[D]ismissal is appropriate only when lesser sanctions would be ineffective."). Economic sanctions would be improper because Mr. Bell is proceeding in forma pauperis. Williams v. Pathmark Stores, Inc., No. 02 Civ. 3612, 2005 WL

7

2105531, at *3 (S.D.N.Y. Sept. 1, 2005).  Likewise, because Ms. Bell has been warned multiple times that failure to respond in discovery would result in dismissal, it is doubtful that a further warning would be effective.  See, e.g., Brow v. City of New York, 391 F. App'x 935, 937 (2d Cir. 2010) (affirming dismissal of pro se plaintiff's complaint, noting "plaintiff's failure to comply with the order warning him of the possibility of dismissal demonstrated that lesser sanctions would be ineffective"); Middleton v. United States, No. 10 CV 6057, 2011 WL 7164452, at *6 (E.D.N.Y. June 28, 2011) (finding further warning would be ineffective because plaintiff was warned multiple times of consequences of failing to move case forward); Valenti v. United States, No. 07 CV 879, 2008 WL 2264535, at *2 (E.D.N.Y. April 21, 2008) (finding plaintiff's disregard of explicit warning suggest any sanction other than dismissal would be ineffective).  Accordingly, sanctions less severe than dismissal would not be effective.

"'All litigants, including pro ses, have an obligation to comply with court orders,' and failure to comply may result in sanctions, including dismissal." Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) (internal citation omitted).  Here, all of the relevant factors favor dismissal.

Conclusion

For the reasons set forth above, I recommend that the

defendants' application be granted and the complaint be dismissed.[1] Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of Court, with extra copies delivered to the chambers of the Honorable Paul A. Crotty, U.S.D.J., Room 1350 and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         December 31, 2013

Copies mailed this date:

Nicole Bell
114 South 8th Avenue
Mt. Vernon, NY 10550

---

[1] In light of this recommendation, the continuation of the plaintiff's deposition is cancelled.

9

Richard Lee Dorn, Esq.
Levy Ratner, P.C.
80 Eighth Avenue, Floor 8
New York, NY 10011

Barbara Gross, Esq.
Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022